WILSON & CO.
*vs.*
LIZARDI ET AL.

---

WILSON & CO. *vs.* LIZARDI ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plaintiffs' debtor placed drafts in the hands of an agent for collection, with orders to collect and remit the proceeds to the plaintiff, and in the mean time another creditor attached these funds in the hands of the agent: *Held,* that the attachment is good, and that the funds are liable to be attached by other creditors, until placed beyond their reach by remittance.

EASTERN DIST.
*April,* 1840.

WILSON & CO.
*vs.*
LIZARDI ET AL.

The plaintiffs show that they are bankers in London, and that the firm of C. D. Tolmé & Co., bankers in Havana, are largely indebted to them, and had placed drafts in the hands of J. A. Merle & Co., of New-Orleans, with instructions to collect the same and remit the proceeds to them in London; and that by these means they became the owners of said drafts and the proceeds thereof as soon as they were thus appropriated and placed for collection on their account.

They further show that the defendants, M. De Lizardi & Co., and others, claiming to be creditors of the firm of C. D. Tolmé & Co., have attached funds and effects in the possession of J. A. Merle & Co., thus belonging to them, amounting to sixteen thousand and thirty dollars, and claim to hold them in preference. They pray that Merle & Co. be enjoined from paying over said funds to the attaching creditors, or any other persons but them, and that they have judgment declaring all of said funds to belong to them.

The defendants pleaded a general denial: Merle & Co. admitted they held the sum thus attached, subject to the order of the court, but which they believed was the property of the plaintiffs.

The facts were few and clear; that the plaintiffs and Tolmé & Co., being bankers, had an exchange account in which the latter drew bills on the former and covered them at maturity by remittances in sterling bills procured on London, or other places in England; that in order to procure these bills, drafts were sent to Merle & Co., in New-Orleans, as agents of C. D. Tolmé & Co., to collect and remit the proceeds in sterling bills to the plaintiffs. Merle & Co. had no dealings or intercourse with the plaintiffs in any other way, and were unknown to them as regards the dealings between them and Tolmé & Co.

The defendants being also creditors of Tolmé & Co., attached these funds in the hands of Merle & Co., and the question is, to whom do they legally belong?

The district judge was of opinion that the plaintiffs had made out their title to the funds attached, gave judgment accordingly, and the defendants, M. De Lizardi & Co., appealed.

*Preston,* for the plaintiffs, insisted:

1. That the arrangement between the plaintiffs and Tolmé & Co. was such, that they became *jointly interested* in the purchase of exchange, and that the funds attached belonged to the partnership and joint account, and were not liable to attachment, except first subject to a liquidation of partnership. *Louisiana Code,* 2794.

2. As soon as a bill or draft was remitted by Tolmé & Co., it became the property of the plaintiffs, arising by express or implied contract, which could not be taken from them by Tolmé & Co., much less by third persons. Wilson & Co. had a right to have the proceeds applied to the payment of their debt, because it was so contracted before the attachment. This case is precisely similar to that of *Armor* vs. *Cockburn,* 4 *Martin,* 668; and cannot be distinguished in principle from the case of *Babcock* vs. *Maltbie,* 7 *Martin, N. S.,* 138.

3. The drafts being negotiable, payment was to be made to Merle & Co., who were the holders, and received payment for Wilson & Co., who alone had the right to receive it. Tolmé & Co. had no longer any power or control over them and could not either demand or receive payment. *Gray* vs. *Trafton et al.,* 12 *Martin,* 707.

*Benjamin,* for the defendants and appellants.

*Bullard, J.,* delivered the opinion of the court.

The plaintiffs, bankers of London, represent in their petition that C. D. Tolmé & Co., of the Havana, being largely indebted to them, remitted at different times, between the 1st of November, 1836, and the 1st of April 1837, to John A. Merle & Co., who were the plaintiffs' agents, a number of drafts amounting to upwards of sixty thousand dollars, for collection, and directed the proceeds to be remitted to them. That Merle & Co. received these drafts, as the agents of the plaintiffs, and undertook to hold them, on their account, until they should mature, and to collect and remit their proceeds to them in London, and that by means of the premises the plaintiffs became the owners of said drafts and the proceeds

thereof. They allege that there is now in the hands of Merle & Co. sixteen thousand and thirty dollars and sixty-five cents belonging to them, but which they refuse to pay over, alleging that the same had been attached in their hands by Lizardi & Co., the Citizens' Bank, and others, as the property of C. D. Tolmé & Co., and for debts due by them to the attaching creditors. They pray for an injunction, restraining Merle & Co. from disposing of the funds, and that the same may be declared to belong to them in preference to the attaching creditors, and that they may be condemned to pay damages, &c.

J. A. Merle & Co. answer, that they have in their hands a certain sum of money, and a note for seven thousand five hundred dollars, which they believe belong of right to the plaintiffs, but that the same having been attached as the property of Tolmé & Co., they hold it subject to the final order of the court. The attaching creditors answer by a general denial.

The plaintiffs have certainly failed to prove, that J. A, Merle & Co. were their agents, or that there was any privity between them, or that they had come under any positive engagement to pay over the funds to the plaintiffs. They were, on the contrary, the agents of Tolmé & Co., and received large amounts of bills of exchange, with instructions to cash them and remit the proceeds in sterling bills to the plaintiffs in London. The question, therefore, which the case presents is, whether the bills of exchange remitted by the house in the Havana, or the proceeds of them before they were remitted, became the property of Wilson & Co., and were placed beyond the reach of the creditors of Tolmé & Co.

The course of dealing between the plaintiffs and Tolmé & Co., appears to have been in exchange on joint account. The latter were authorized to draw on the plaintiffs for twenty thousand pounds sterling on joint account, and to be covered by remittances either direct or through certain houses in the United States, designated by Wilson & Co., in their correspondence. The firm of J. A. Merle & Co., is not among those indicated by the plaintiffs. The account kept

by Tolmé & Co. was styled, "joint exchange account with T. Wilson & Co., of London," in which "joint exchange" was debited with the amount of remittances made through different houses in the United States and directly to Wilson & Co., and credited by the amount of bills drawn by Tolmé & Co. on the plaintiffs. The remittances of bills of exchange to J. A. Merle & Co., were made with orders to collect and remit in sterling bills to Wilson & Co. It appears to us clear, that if the parties to any bills thus remitted for collection had failed after they came into the hands of Merle & Co., the loss would not have fallen upon the house in London. They were still at the risk of Tolmé & Co., or perhaps· of the joint exchange account, but certainly not of Wilson & Co. It does not appear that J. A. Merle & Co., were acquainted with the partnership existing between those two houses. Their correspondence was with the Havana house ; the bills of exchange were received as the property of Tolmé & Co., with orders to collect and remit the proceeds to Wilson & Co. The name of the latter house was not known in the transactions, so far as it appears, except as entitled, finally, to receive the proceeds, which were to be remitted with guaranty. Under these circumstances, we are of opinion that those effects in the hands of J. A. Merle & Co., were liable to be attached by the creditors of Tolmé & Co.

But it is contended by the counsel for the appellees, that Wilson & Co. and Tolmé & Co. were partners, and that the funds and bills attached belonged to the partnership, and that they were not liable to attachment, except subject to the liquidation of the partnership concerns.

These pretensions are totally different from those advanced in the petition. Tolme & Co. are therein treated as the debtors of the plaintiffs, not as their partners, and the fund itself as having become the separate property of the plaintiffs. Admitting that such an inquiry could be gone into in this case, it is by no means clear, that even as between the parties themselves, the bills of exchange remitted to Merle & Co. belonged to the partnership. As it relates to third persons, they were upon their face the property of Tolmé & Co., as '

Where the plaintiff's debtor placed drafts in the hands of an agent for collection, with· orders to collect and remit the proceeds to the plaintiff; and in the meantime another creditor attached these funds in the hands of the agent : ' *Held*, that the attachment is good, and that the funds are liable to be attached by other creditors until placed beyond their reach by remittance.

EASTERN DIST.    much as if it had been a shipment of coffee to the same agent,
*April*, 1840.    with directions to sell and remit the proceeds to Wilson & Co.

VARION ET AL.    Wilson & Co. cannot show themselves to be creditors of
*vs.*    Tolmé & Co., on account of partnership operations, until the
DUPEYRE.    concern has been liquidated, and the case presents no conflict
between the separate creditors of one partner and the creditors
of the firm.

Upon the whole, we conclude that the court below erred
in considering the funds in the hands of J. A. Merle & Co.,
as belonging exclusively to the plaintiffs, and in decreeing
accordingly.

The judgment of the District Court is, therefore, reversed,
and ours is for the defendants, with costs in both courts.