**BRANCH BANK OF ALABAMA vs. KRAFT ET AL.**

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

An order on a garnishee to pay over a certain portion of a claim in money when collected, arising from certain notes in his hands, does not effect the notes not yet collected. They still remain the property of the original owner and are liable to attachment by any of his creditors.

EASTERN DIS.
*May*, 1841.

BRANCH BANK
OF ALABAMA
*vs.*
KRAFT ET AL.

This is an action, against J. H. Kraft, to recover the sum of $21,371, which the plaintiffs allege is justly due them ; and that said Kraft resides permanently out of this state, but has certain property, effects, rights and credits in the hands of James R. Sterrett, Esqr., which they pray may be attached, and that Sterrett be cited as garnishee to answer interrogatories.

The garnishee negatived the interrogatory that he had *any money* under his control or in his possession belonging to the defendant but showed he had a large amount of notes or bills placed in his hands for collection ; and that he had accepted an order to pay over a certain portion of a claim against M. De Lizardi & Co., to D. W. Briggs, Cashier, (so soon as collected) drawn on him by said J. H. Kraft.

There was judgment · against the defendant for the sum claimed ; and ordering it to be satisfied out of the effects attached.

Execution issued and all the effects in the hands of the garnishee seized, amounting, according to the sheriff's return, to $17,900.

A rule was taken on the garnishee to surrender up the notes and effects attached in his hands.

The Planters and Merchants Bank of Alabama intervened in this rule, claiming the amount of the order drawn on Sterrett in favor of their Cashier.

The judge of the Commercial Court gave judgment for the intervenors for three sevenths of the claim on Lizardi & Co., from which the plaintiffs appealed.

*Chinn*, for the plaintiffs and appellants.

EASTERN DIS.
May, 1841.

BRANCH BANK
OF ALABAMA
vs.
KRAFT ET AL.

1. The inferior court erred in rendering judgment for the intervenors.

2. The court should have rendered judgment for the plaintiffs for all the property attached, and for all the property seized by plaintiffs under execution.

3. By the attachment against Sterrett, as garnishee, the plaintiffs acquired right to the effects in his hands.

4. By the seizure, under execution, the plaintiffs acquired exclusive right to the notes, &c., in the Orleans Bank, and should have been entitled, by the judgment of the court, to the entire fund.

*C. M. Conrad*, for the intervenors.

*Bullard, J.* delivered the opinion of the court.

This is an action against Kraft as drawer of a bill of exchange, which was duly protested for non-payment. The defendant being an absentee, process of attachment was sued out, and James R. Sterrett, an attorney at law, was made garnishee.

In answer to interrogatories, Sterrett says, "I have no money in my possession, or under my control, belonging to the defendant." He then goes on to state that he has sundry notes owing by different persons, but principally by H. C. Cammack & Co., which he enumerates and describes. To an interrogatory whether those effects in his hands were not placed there to be appropriated to the payment of the bill sued on, he answers in the negative. In a supplemental answer the garnishee, afterwards, says that at the time the answer was filed by him, he had entirely forgotten the acceptance by him of a draft of J. H. Kraft in liquidation, in favor of D. W. Briggs, Cashier, for three sevenths part of the claim of Kraft & Co., against M. De Lizardi & Co., (when collected) which had been placed in his hands for collection; which acceptance was made early in 1838. That the notes mentioned in the first instance, came into his hands after the suit against Lizardi & Co. had been discontinued by order of the plaintiffs' agent. It further appears

that, since the first answers, one of the notes amounting to $1500 had been paid.

EASTERN DIS.
May, 1841.

BRANCH BANK
OF ALABAMA
vs.
KRAFT ET AL.

It thus appears that Sterrett had, at the time the attachment was levied, nothing else belonging to the defendant, Kraft, and the evidence shows that a part of the original claim against Lizardi & Co., amounting to about $14,000 had been received by him and paid over to Thomas Barrett, acting as the agent of Kraft.

Why Sterrett did not pay to the bank in discharge of the obligation he had contracted, to pay over 3-7 of what he might collect from Lizardi & Co., to their Cashier, need not now be examined. It is clear he had no longer the fund in his hands at the time the attachment was levied, the fund no longer belonged to Kraft, whose direction to Barrett to receive it and the subsequent payment to him by Sterrett, suffice to show that it was no longer a sum of money due to Kraft, and consequently was not liable to attachment in the hands of Sterrett.

The sum paid over to Barrett, by the garnishee, under Kraft's instructions, was about three sevenths of the claim against Lizardi & Co.

The plaintiffs recovered a judgment for the amount of their demand, with an order that it be satisfied out of the effects attached in the case. Thereupon a fieri facias was issued and the notes mentioned in the answer of the garnishee were seized in his hands, amounting to $17,900. This seizure appears to have been made on the 14th February, 1840, and on the 29th April the writ was returned, the sheriff stating that of the seizure nothing came into his hands and that no other property was found.

In the meantime, on the 17th March, the plaintiffs took a rule upon Sterrett, the garnishee, to show cause why he should not surrender the notes attached in his hands or, in default thereof, why judgment should not be rendered against him for the amount of the plaintiffs' demand.

In this state of the case the Planters and Merchants Bank, of Mobile, the present appellees, intervened. In their petition

EASTERN DIS.
May, 1841.

BRANCH BANK
OF ALABAMA
vs.
KRAFT ET AL.

they represent that Kraft, the defendant, being indebted to them in a large amount, and having a claim against Lizardi & Co., in the hands of Sterrett, their attorney, for collection, gave them an order to their attorney to pay over to them three sevenths of the amount that might be collected; which order was duly presented and accepted prior to the attachment issued by the plaintiffs. They aver that subsequently to the assignment of that portion of the debt, Sterrett made an arrangement, whereby he agreed to discontinue the suit against Lizardi & Co., on receiving from them a certain part in money and the remainder in certain notes and bills receivable from Cammack & Co., who were also liable for the debt. That the notes attached are the same given by Cammack & Co., and that the petitioners are entitled to three sevenths thereof. They therefore ask to intervene and that they may be declared entitled to receive three sevenths of all sums or claims or evidences of debt which have been attached in the case.

An order on a garnishee to pay over a certain portion of a claim in money when collected, arising from certain notes in his hands, does not effect the notes, not yet collected. They still remain the property of the original owner, and are liable to attachment by any of his creditors.

The Commercial Court gave judgment in conformity to the prayer of the petition of the intervenors, and the original plaintiffs appealed.

We are of opinion that the court erred. The order on Sterrett was for a certain portion of the claim in money when collected. The notes received by Sterrett, from Cammack & Co., not yet collected, were not affected by that order, and still remained the property of Kraft. The draft on Sterrett cannot be regarded as a transfer of three sevenths of the claim against Lizardi & Co., but a direction how to dispose of the proceeds when collected. But even if it were to be considered as a transfer, it was imperfect as to third persons or creditors without notice to the debtor.

But there is another and stronger objection to the proceedings and judgment in favor of the intervenors. They do not sue as the creditors of Kraft, but of Sterrett. They do not allege a right of action against Kraft; nor do do they ask a judgment against him. Their petition shows on the contrary that they took the draft, on Sterrett, in consideration of a pre-existing

debt, due by Kraft, but that draft was accepted and no new cause of action, as against Kraft, grew out of it. The case presented is then this,—a judgment creditor seizes upon notes and other evidences of debt, due to his debtor, and a person having no judgment interferes to prevent the sale of the property seized. He cannot be listened too unless he shows a judgment against the common debtor, or some title specifically to the property seized ; and we have already said that, in our opinion, the notes attached were not affected by the order of Kraft on Sterrett; they remained the exclusive property of the former, liable to be attached by his creditors.

It is therefore adjudged and decreed that the judgment of the Commercial Court be avoided and reversed ; and proceeding to give such judgment as, in our opinion, ought to have been rendered in the court below ; it is further ordered, that the intervention of the Planters and Merchants Bank be dismissed at their costs, and that the rule taken on the garnishee be made absolute, and that he pay over to the sheriff, for the benefit of the plaintiffs the sum of $1500, received on one of the notes attached, and that he surrender the other notes mentioned in his answer and in the sheriff's return, to the sheriff to be disposed of for the plaintiffs, in discharge of their judgment, according to law, and that the appellees pay the costs of this appeal.