LOVE
v.
VOORHIES.

---

L. J. DOLSEN & SON *v.* E. BROWN & SON.—JOHN SWAZEY & CO., Intervenors.

The creditors of a consignor cannot attach merchandize, or its proceeds, in the hands of the consignee, when the consignments are made with express instructions, that the proceeds of the sale are to be paid to a third party who accepts this stipulation made in his favor ; nor can they attach when the consignor, having made the consignments without instructions, subsequently orders the proceeds to be paid to a third party, and the consignee promises to pay in pursuance of the order.

When the consignments are made without instructions, and a draft is drawn subsequently by the consignor in favor of a third party, upon the consignee and against the consignments—*Held :* That an expression of mere willingness, on the part of the consignee, to pay the amount of the draft out of the proceeds of the consignments, coupled with a refusal to accept the draft, is insufficient to give to the holders of the draft a right of action, or to create a legal tie, the essence of a perfect obligation.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Durant & Horner*, for plaintiffs and appellants. *Clarke & Bayne*, for defendants.

LAND, J. This suit was commenced by attachment. *G. W. Betterton & Co.* were garnished, and answered the interrogatories propounded to them, as follows :

First. "We have a balance due *E. Brown & Son*, of Cincinnati, on book account, as per account hereto annexed, two hundred and eighty-three dollars and twenty cents, and one hundred and forty-eight packages of butter, valued by us at $1200, which we hold subject to the order of your honorable court. Against the balance of account and goods on hand, there is a draft by *Messrs. E. Brown & Son*, and indorsed to *Messrs. Swazey & Co.* for $1,500, which was presented for acceptance the day and prior to the writ of garnishee being served on us, which draft was not accepted by us."

Second. "We are indebted to the firm of *Messrs. Brown & Son* to the amount of two hundred and eighty-three dollars and twenty cents.".

*John Swazey & Co.* intervened, and alleged that they were the holders of the draft drawn by *E. Brown & Son* on *G. W. Betterton & Co.* for $1,500. That although they refused to accept it, they, nevertheless, were notified of the draft, and agreed to hold the property and funds in their hands for its payment. That said draft was drawn against the property and funds, and that *Betterton & Co.* received the same, with instructions to pay the draft out of the proceeds.

There is no proof, however, that the garnishees received the merchandize with instructions to pay the proceeds to *Swasey & Có.* or any one else. The evidence shows that the draft was drawn on the proceeds of the shipment, and that the garnishees refused to accept it. That although *they were willing* that the proceeds should go to the payment of the draft, *they were unwilling* to incur a legal obligation to that effect. And that they hold the proceeds subject to the order of the court.

There are two classes of cases, in which the creditors of a consignor cannot attach merchandize or its proceeds in the hands of the consignee.

In the first, the consignments are made with express instructions to pay the proceeds of sale to a third party, and the stipulation in favor of the third party is accepted by him. *Burnside* v. *McKinley*, 12 An. 512.

In the second, the consignments are made *without instructions*, and the consignor subsequently orders the payment of the proceeds to a third person, and the consignee promises to pay the proceeds in pursuance of the order. *Cutters* v. *Baker*, 2 An. 572.

In the first class of cases, the obligation to pay is a part of the original contract, and gives to the third party a right of action against the consignee for the proceeds of sale. C. C., Art. 1884.

In the second class, the obligation of the consignee, to pay to the third party, is created by a new and independent contract, and the right of action arises from his express promise to pay.

This case is not within either of the classes mentioned. The consignment was without instructions to pay the proceeds to any one, and the consignee refused, after the receipt of the merchandize, to accept the draft of the consignor, or to bind himself legally to pay the amount of proceeds to the holder.

If the intervenors are entitled to the proceeds, they have a right of action against the garnishees for their recovery. The original contract between consignor and consignee gave no right of action to the intervenors, for there is no stipulation in it, expressed or implied, in their favor. There is no subsequent contract between the garnishees and intervenors, in which the former obligated themselves to pay to the latter the proceeds of the merchandize. The intervenors are holders of the bill of exchange drawn by the consignor on the consignees, but on this they have no right of action, for the reason, that the holder of a bill of exchange cannot sue the drawee, on his refusal to accept, for the funds on which it was drawn. Chitty on Bills, p. 308. The intervenors, therefore, having no claim to the merchandize in the hands of the garnishees, at the date of the service of the attachment in this case, it was, consequently, the property of the defendants, subject to their control, and liable to be seized for the payment of their debts. *Wilson* v. *Lizardi*, 15 La., 258; *Goodhue* v. *McClarty*, 3 An., 58. The expression of a willingness on the part of the garnishees, that the holders of the draft should. receive the proceeds of the shipment, coupled with a refusal to create a legal obligation to pay them, was insufficient to give a right of action, or to create a legal tie, the essence of a perfect obligation. C. C., Art. 1750.

An account in the record shows the net sales of the property in the hands of the garnishees, to have been $999 21, and less than its estimation in their answers to interrogatories.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed, and that there be judgment against defendants for $2262, with interest from judicial decree and with privilege on property attached; and that the plaintiffs recover of the garnishees, *Betterton & Co.*, the sum of nine hundred and ninety-nine dollars and twenty-one cents, the proceeds of the merchandize, and the further sum of two hundred and eighty-three dollars and twenty cents, the amount of debt acknowledged to be in part payment of said debt; and that appellees pay the costs of this appeal, and the petition of intervention be dismissed at the costs of the intervenors.