ROBERTSON, HUDSON & PULLIAM *v.* SCALES & GIBSON et als.

The title to the proceeds of a note, bill of exchange, or account, does not pass by virtue of an order to pay over to a creditor the proceeds, when collected, given by the holder and owner to his attorney, and accepted by the attorney, but they are subject to attachment as the property of the holder, as long as they remain uncollected in the hands of the attorney.

APPEAL from the District Court of the Parish of DeSoto, *Jones*, J.
Nutt, Hodge & Parham, and J. B. Smith, for plaintiffs and appellants. *Elam*, for defendants.

LAND, J. The defendants, *Scales & Gibson*, having dissolved their commercial partnership and commenced the liquidation of their affairs, placed in the hands of *Scales & Wallace*, attorneys-at-law, for collection, notes and accounts to the amount of some twenty thousand dollars. They afterwards liquidated their indebtedness to the plaintiffs, and gave to them their promissory notes payable at certain periods after date, at the office of *Seaman, Peck & Co.* of the city of New Orleans, and at the same time directed their attorneys, *Scales & Wallace*, to remit

ROBERTSON
*v.*
SCALES.

to *Seaman, Peck & Co.*, out of the first moneys collected on the notes and accounts, after paying the balance due *John T. Hardie & Co., an amount sufficient to pay the notes given to the plaintiffs* in liquidation of the indebtedness of the firm to them. This order to remit out of the proceeds of the notes and accounts, *was accepted* by the attorneys, who promised the plaintiffs to execute it for their benefit.

Before the notes and accounts had been collected by the attorneys, they were attached by process of garnishment in the hands of *Scales & Wallace*, at the suit of various creditors of the firm of *Scales & Gibson*. These creditors prosecuted their claims to judgment, and obtained a recognition of privilege on the notes and accounts attached in the hands of the garnishees.

After the rendition of these judgments in favor of the creditors of the firm, the plaintiffs instituted this suit, which is a third opposition, claiming a superior privilege to the judgment creditors, on the proceeds of the notes and accounts, and a right of property therein, by virtue of the " *order to remit, and its acceptance by the attorneys of Scales & Gibson* "; and which is also an injunction suit restraining and inhibiting the parties in possession of the notes and accounts from paying the proceeds over to the judgment creditors of the firm ; and finally, an attachment suit against *Scales & Gibson*, on the promissory notes given in settlement of the debt due by them, as above mentioned.

The question of law presented in the case is, whether the *order* given by *Scales & Gibson to their attorneys, to remit*, out of the first moneys collected, after paying the balance due *Hardie & Co., an amount sufficient to pay the promissory notes due the plaintiffs*, and the *acceptance of this order* by the attorneys, vested a right of property in the plaintiffs to the notes and accounts, or their proceeds, to an amount sufficient to pay the debt due them from the firm of *Scales & Gibson*.

It appears from the decisions of this court, that a distinction has been made between the case of an order to pay the proceeds of *goods, merchandize, or products*, to a third party, followed by the acceptance of the consignee, or other person in possession, with the assent of said third person, and the case of an order to pay the proceeds of a *bill of exchange, or note, when collected*, to a third party, followed by the acceptance of the attorney, or other agent in possession for the holder, with assent of such party.

In the former case, the title to the proceeds passes by virtue of the order and its acceptance by the consignee, with assent of the party for whose benefit it was intended, and the merchandize is no longer liable to attachment at the suit of the creditors of the owner or consignor, although the goods remain unsold at the time of the attachment. In the latter case, it has been held, that the title to *the proceeds of the note, or bill of exchange*, does not pass by virtue of the order and its acceptance by the attorney, or other agent, even with the assent of the assignee or creditor, but that the note or bill of exchange is liable to attachment, as the property of the holder, *so long as it remains uncollected*.

As to the case of an order for the proceeds of merchandize, see *Armor v. Cockburn*, 4 N. S. 668 ; *Burnside v. McKinley*, 12 An. 505, and authorities cited by counsel in argument on a re-hearing. And as to the case of an order for the proceeds of notes when collected, see *Bank of Alabama v. Krafts et al.*, 18 La. 565, and also the case of *Wilson v. Lizardie*, 15 La. 255.

Although this distinction may not on first impression seem very clear in reason, or on legal principles, yet it seems to be sustainable on Articles 2612 and 2613 of the Civil Code, which require in the transfer of debts, as between transferror

<div style="float:right">ROBERTSON<br>*v.*<br>SCALES.</div>

and transferree, *the giving of the title*, and as between the transferree and *third persons, notice to the debtor of the transfer.*

In the case at bar, no giving of title had taken place between *Scales & Gibson* and the plaintiffs, nor had any notice of the transfer been given to the debtors of *Scales & Gibson*, prior to the attachments.

The judgment of the lower court, which is founded on the distinction referred to, must be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.