EDWARD C. MOORE v. JOHN C. DAVIS, PRINCIPAL DEFEND-
ANT, ALEX. R. LINN AND WM. F. LINN, GARNISHEES,
AND THE FIRST NATIONAL BANK OF MADISON,
INDIANA, INTERVENING CLAIMANT.

*Garnishment—Assignment of debt by discounting draft therefor.*

A bank becomes the assignee of a debt by discounting a draft for the
exact amount of it, to which the bill for the indebtedness is attached;
and the debtor is released by such assignment from liability as gar-
nishee. The case differs from that of an ordinary bank draft or bill
of exchange, and the fact that the draft is negotiable in form does
not affect the apparent intent to assign the debt.

Error to Wayne. (Chambers, J.) June 3.—June 10.

Garnishment process. An intervening claimant brings
error. Reversed.

*Wm. J. Gray* for appellant. Courts have construed as an
assignment, (*a*) a draft drawn generally ; (*b*) a draft drawn
for a portion of a designated fund ; (*c*) a draft drawn for
the entire of a debt ; (*d*) a draft drawn for the entire of a
designated fund : *Conway v. Cutting* 51 N. H. 407 ; *Lewis
v. Berry* 64 Barb. 593 ; *Wheatley v. Strobe* 12 Cal. 92 ; *Mor-
ton v. Naylor* 1 Hill 583 ; *Harris v. Clark* 3 Comst. 118 ;
*Lowery v. Steward* 25 N. Y. 239 ; *Parker v. Syracuse* 31
N. Y. 376 ; *Alger v. Scott* 54 N. Y. 14 ; *Munger v. Shan-
non* 61 N. Y. 251 ; *Risley v. Smith* 64 N. Y. 576 ; *Ehrichs
v. De Mill* 75 N. Y. 370 ; *Brill v. Tuttle* 81 N. Y. 454 ; see
*Tallman v. Hoey* 89 N. Y. 537 ; *Duffield v. Johnston* 96 N.
Y. 369 ; in Massachusetts a draft is held to be an assignment
if drawn for the whole of the designated fund : *Adams v.
Robinson* 1 Pick. 461 ; *Van Staphorst v. Pearce* 4 Mass.
258 ; *Macomber v. Doane* 2 Allen 541 ; *Kingman v. Perkins*
105 Mass. 111 ; *Hall v. Ins. Co.* 111 Mass. 53 ; see *Mc Wil-
liams v. Webb* 32 Ia. 577 ; *Kahnweiler v. Anderson* 78 N. C.
133 ; *Kelly v. Bronson* 26 Minn. 359 ; *Anderson v. De Soer*
6 Grat. 363 ; *Robbins v. Bacon* 3 Me. 346 ; *Jones v. P. W.
L. & F. Co.* 13 Nev. 359 ; *Wheatley v. Strobe* 12 Cal. 92 ;
*Mandeville v. Welch* 5 Wheat. 277 ; *Spofford v. Kirk* 97 U.
S. 488 ; *Blin v. Pierce* 20 Vt. 25 ; Missouri holds such an

order to be a *legal* assignment; *Hydraulic Press Brick Co.
v. Saville* 1 Mo. App. 96; in England it is held that an order
drawn on a designated fund is an equitable assignment: *Ex
parte South* 3 Swanst. 392; *Lett v. Morris* 4 Sim. 607;
*Brice v. Bannister* 28 Eng. 459; *Row v. Dawson* 1 Ves.
Sr. 331; the mode of designating the fund is nowhere laid
down; all that is necessary is, that the intention should be
sufficiently clear; "out of" has been held sufficient: *Hoag-
land v. Erck* 11 Neb. 580; "charge to our account for labor"
has been held sufficient: *Brill v. Tuttle* 81 N. Y. 454; "pay
and deduct" is sufficient: *Munger v. Shannon* 61 N. Y. 251;
see *Robbins v. Bacon* 3 Me. 346; *Bank of Com. v. Bogy*
44 Mo. 13; Edw. B. & N. § 531.

*Geo. W. Bates* for appellee. A bill of exchange payable
generally is not an assignment of a fund in the hands of the
drawee belonging to the drawer, or a debt due the latter from
the former, nor does it give the holder of the draft any lien
legal or equitable upon such fund or debt: *Harris v. Clark*
3 N. Y. 118; *Cowperthwaite v. Sheffield* 3 N. Y. 251; *N. Y.
& Vir. State Bank v. Gibson* 5 Duer. 585; *Williams v. Ever-
ett* 14 East 582; *Yates v. Bell* 3 B. & Ald. 642; 1 Pars.
N. & B. 331; Chitty on Bills 307; Drake on Attachments
§ 525; *Dolsen v. Brown* 13 La. Ann. 551; *Lewis v. Traders'
Bank* 30 Minn. 134; *Luff v. Pope* 5 Hill 413; *Hopkins v.
Beebe* 26 Penn. St. 85; *Att'y Gen'l v. Con'l L. Ins. Co.* 71
N. Y. 325; *Rosenthal v. Mastin Bank* 17 Blatchf. 318;
*Bush v. Foote* 58 Miss. 5; *Commerce Bank v. Bogy* 9 Mo.
App. 335; *First Nat. Bank v. Dubuque, S. W. Ry. Co.* 52
Ia. 383; *Jones v. Pacific Wood etc. Co.* 13 Nev. 359; *Gram-
mel v. Carmer* 55 Mich. 201; *Shand v. Du Buisson* L. R.
18 Eq. Cas. 283; when the fund or debt is specified in the
draft it ceases to be a draft and loses its negotiable character
and becomes an order, and then the effect is that of an assign-
ment; the cases cited go to that point, while no case can be
found to sustain the position claimed but that of *Corser v.
Craig* 1 Wash. C. C. 424, and this has since been overruled
by *Mandeville v. Welch* 5 Wh. 277.

COOLEY, C. J. On December 12, 1883, the plaintiff
brought suit in assumpsit against Jonathan C. Davis, as de-
fendant, and garnished Alexander R. Linn and William F.
Linn as his debtors. Judgment was recovered in the princi-
pal suit, November 9, 1884, for the sum of $1110.99. The
garnishees answered in the case, admitting their indebtedness

to the amount of $139.65, but saying they had been notified the debt had been assigned to some bank at Madison, Indiana. Subsequently the First National Bank of Madison, Indiana, appeared as intervening claimant, and the case was tried by the circuit judge without a jury on the validity of its claim. The following is the finding of facts:

"*First.* That on the twelfth day of December, 1883, the said plaintiff commenced the suit herein in an action of assumpsit against the said defendant, Jonathan C. Davis; and at the same time filed an affidavit in garnishment under section 8087 of Howell's Statutes, against the said principal defendant as a non-resident, and writs of garnishment were duly issued thereon against the said Alexander R. Linn and William F. Linn, partners as A. R. & W. F. Linn, which said writs were duly served on said garnishee defendants on the said twelfth day of December, 1883, in the city of Detroit, Wayne county, Michigan, and that due notice of said proceedings were afterwards, to-wit, on the sixteenth day of January, 1884, in Madison, Indiana, served on said principal defendant in the manner and form required by the statute.

*Second.* That on the ninth day of November, 1884, a judgment was duly rendered in said principal cause against said principal defendant, and in favor of said plaintiff, for the sum of $1110.99, and costs of suit, which have since been duly taxed and that the amount due on said judgment is still in force and unpaid.

*Third.* That at the time of the service of said writs of garnishment, the said garnishee defendants were indebted to the principal defendant in the sum of $139.65, unless the transaction of November 2, 1883, as hereinafter set forth, constituted an assignment of such debt to the said intervening claimant, and that said indebtedness represented the same account as that stated in the fourth finding being originally owed on the second day of November, 1883, to the firm of J. C. Davis & Co.

*Fourth.* That on the second day of November, 1883, there was presented for discount to said intervening claimant, which is in the habit in the natural course of business of discounting commercial paper, a draft drawn by the firm of J. C. Davis & Co. upon the said garnishee defendants, who were by mistake named therein as A. R. & W. H. Linn, for the sum of $139.65, and attached to said draft was a bill for merchandise for an equal amount, copies of which said draft and bill are as follows:

" '$139.65.                    MADISON, Ind., November 2, 1883.

'Thirty-six days after date pay to the order of the First National Bank of Madison, Indiana, one hundred thirty-nine and 65-100 dollars, value received, and charge the same to the account of ·                    J. C. DAVIS & Co.,
                    per J. C. D., Jr.

'*To A. R. & W. H. Linn, Detroit, Mich.*'

'MADISON, Ind., December 14, 1883.

'*Messrs. A. R. & W. H. Linn, Detroit, Michigan:* Bought of J. C. Davis & Co.

'October 9.   To 49 doz. gallon apples at $2.85 per doz. $139.65.'

*Fifth.* That said intervening claimant in ordinary course of business discounted said draft and paid the proceeds thereof, to wit, the sum of $138.40, to the said firm of J. C. Davis & Co, upon the said second day of November, 1883, and the said draft with the said account attached was duly delivered to the intervening claimant.

*Sixth.* That at the time of said discount, the said firm of J. C. Davis & Co. was composed of said Jonathan C. Davis and Geo. W. Elstun & Co., and that on the said third day of November, 1883, the said firm of J. C. Davis & Co. was dissolved, and all accounts owing to said firm assigned to said Jonathan C. Davis.

*Seventh.* That on the ninth day of November, 1883, the said intervening claimant was duly permitted on petition to appear in said garnishment proceedings and maintain its right to said indebtedness after the manner of a suit at law, as provided by the statute in such case made and provided; and on the trial of the issue herein was present by counsel and participated in the same.

*Eighth.* From these facts, the court finds, as a conclusion of law, the following: (1) That the said intervening claimant acquired no right to said indebtedness by the purchase or discount of said draft; (2) that the discount of said draft in the manner stated did not operate as an assignment of said account; (3) that the said intervening claimant has no rights in said indebtedness as against said plaintiff; (4) that said plaintiff is entitled to a judgment against said garnishee defendants for the sum of $139.65."

Judgment having been rendered on this finding, the claimant has brought error.

The controversy, it will be seen, turns upon the question

whether the draft by Davis on the Linns operated as an assignment of the demand. It was received and discounted by the claimant before the garnishment summons was served, and the Linns were notified of the facts before they answered. If, therefore, the draft transferred the demand to the bank, the judgment is erroneous.

In the recent case of *Grammel v. Carmer* 55 Mich. 201, the question whether a draft was an assignment of the fund in the drawee's hands, to the extent of the sum drawn for, was considered and decided in the negative. That, however, was the case of a banker's draft, and it was not drawn for the whole fund in the ,drawee's hands. Many cases were cited in the opinion filed in that case, and the following, not then cited, are to the same effect : *Shand v. Du Buisson* L. R. 18 Eq. 283 ; *Lewis v. Traders' Bank* 30 Minn. 134 ; *Jones v. Pacific Wood &c. Co.* 13 Nev. 359 ; *Rosenthal v. Mastin Bank* 17 Blatchf. 318 ; *Dolsen v. Brown* 13 La. Ann. 551 ; *Sands v. Matthews* 27 Ala. 399.

But this case differs from *Grammel v. Carmer* in the fact that the draft now in question was drawn for the exact amount of a sum claimed to be due from the drawees to the drawer for a bill of merchandise, and that the account was attached to the draft, evidently for the purpose of being sent forward with it. When thus sent forward, it would explain to the drawees the account on which it was drawn ; but it must also have been understood to serve a further purpose, namely, to be evidence in the hands of the drawees that the account was paid when the draft was taken up by them. There could be no sufficient reason for attaching it at all, unless it was understood that payment of the draft would be payment of the account as well.

By the general commercial law, as was said in *Grammel v. Carmer*, the purchaser of a draft is supposed to take it in reliance upon the responsibility of the drawer, and he has no other reliance until it is accepted. This is the general rule. But if the draft is for the whole amount of a fund, the draft may, in connection with other circumstances, tend to show an intent that it should operate as an assignment. *First*

*Nat. Bank of Canton v. Railway Co.* 52 Iowa 378. And whereas, in this case, the draft is for the amount of an account, and the account is attached, the purpose to assign appears on the papers themselves, and they need no support from collateral circumstances. The payee, then, in taking the draft has a right to understand that, in addition to the responsibility of the drawer, he has such security for payment as may be supplied by the account, and that he may collect the account for the satisfaction of the draft. The drawer, by the papers, in effect, says to the drawee: "This is my bill against you, which I have sold to the payee by this draft, and you are requested to make payment of it to him." This is what a business man would have a right to understand from them. The draft with the bill thus attached is not an ordinary bill of exchange, but it is an order that the debtor shall pay the amount of his debt to the person to whom it is delivered. The fact that the draft is negotiable in form is of no importance. It does not at all tend to rebut the evidence of intent on the part of the creditor to assign the demand.

The judgment must be reversed, and judgment entered in this Court for the garnishee defendants. The claimant is entitled to costs of both courts as against the plaintiff, but the effect of the judgment is that the garnishee is not entitled to the attorney's fee allowed him in the court below.

The other Justices concurred.