S. W. GRAHAM *vs.* E. D. EVANS.

November 13, 1888.

**Assignment for Creditors—Notice to Assignor's Debtors—Effect of Publication.**—The publication, pursuant to Gen. St. 1878, c. 41, § 26, of notice of an assignment for the benefit of creditors, is not constructive notice to debtors of the assignor. Hence, notwithstanding such publication, if a debtor, without actual notice of the assignment, pays the assignor, he will be discharged from the debt.

**Same—Release of Judgment Lien by Assignor—Effect of Record.**—A grantee of premises subject to the lien of a judgment in favor of the assignor, who, without notice of the assignment, pays the assignor an adequate and valuable consideration for a release of the premises from the lien of the judgment, is entitled to the same protection. Such a release is an instrument "affecting the title to real estate," which is entitled to record, and the record of it is, under the statute, "notice to parties."

Ejectment for land in Faribault county, brought in the district court for that county, and tried by *Severance,* J., (a jury being waived,) who ordered judgment for defendants upon findings of fact in substance as follows: One Archibald McDonald, the common source of title, owned the property on January 10, 1877, on which day one

Thomas C. Smales recovered and docketed a judgment against him in Faribault county. On March 5, 1877, McDonald conveyed in fee to defendant, by deed recorded March 5, 1877. On January 30, 1879, Smales made a general assignment to one A. L. Ward, of Martin county, for the benefit of his creditors, which was duly filed in that county on the same day, and the assignee at once qualified and entered on the discharge of his duties; but the assignment was not filed in Faribault county until November 4, 1884. On June 10, 1879, Smales, for an adequate consideration, executed to defendant, and acknowledged, a release of the lien of the judgment, which release was duly recorded in the registry of deeds of Faribault county on June 13, 1879. In procuring the release the defendant acted in good faith, and he received it without notice of the assignment, unless the publication of the assignee's notice of the assignment, in accordance with Gen. St. 1878, c. 41, § 26, was constructive notice to him. The assignee, for a valuable consideration, assigned the judgment to one Dawson, who, on November 7, 1882, assigned it to plaintiff. On February 6, 1883, plaintiff caused execution to be issued, under which the sheriff, on March 31, 1883, after due notice, sold the land to plaintiff, making to him the proper certificate, which was recorded on April 3, 1883. No redemption from the sale was made. Judgment was entered for plaintiff, and the defendant appealed.

*D. F. Goodrich* and *Hawes, Lomen & Scofield,* for appellant.

*S. W. Graham* and *Andrew C. Dunn,* for respondent.

MITCHELL, J. The arguments of counsel have taken quite a wide range; but, in our view, upon the facts found by the trial court, the law of this case lies within a very narrow compass. The assignment by Smales, the judgment creditor, was a common-law voluntary assignment, and, as to the question here involved, stands upon the same footing as any other assignment of a chose in action, unless some change has been made by statute. The rule is as universal as it is elementary that, in case of an assignment of a chose in action, notice is indispensable to charge the debtor with the duty of payment to the assignee; so that if, without notice of the transfer, he pays the debt to the assignor, he will be discharged from the debt. The transaction between Smales and defendant was in principle one be-

tween debtor and creditor, and the same as if between Smales and McDonald, the judgment debtor.   True, defendant was not personally the debtor of Smales; but his property was, being subject to the lien of the judgment, and liable for its payment.   He had a right to pay the judgment, or such part thereof as was necessary, in order to secure a release of his property from this lien; and whatever he paid for that purpose was a payment *pro tanto* of the judgment.   In the absence of notice that Smales had assigned the judgment, he had the same right to pay Smales that the judgment debtor would, and is entitled to the same protection.

That the release of the premises from the lien of the judgment was an instrument affecting the title to real estate, and hence entitled to record, and the record of which was notice to the plaintiff, cannot, we think, admit of doubt.   Hence the whole case comes down to the question whether the notice of the assignment given by Smales' assignee, pursuant to Gen. St. 1878, c. 41, § 26, constituted constructive notice to defendant.   As will be seen by reference to the statute, this notice is by publication in certain newspapers. "Constructive notice," in such cases, is purely a creature of statute, and is consequently subject to strict construction.   This statute is entirely silent as to the effect of the publication. . It nowhere provides that it shall be constructive notice to any one.   While the main object of the publication is to give notice of the assignment to creditors, so that they may take proceedings to obtain its benefit, undoubtedly another object is, as far as possible, to inform debtors of the assignor, and those having property of his in their hands, to whom they are to pay or account; and, so far as the publication is brought to their knowledge, it accomplishes that purpose.   But, in the absence of any statute making the publication constructive notice, it is only effectual as notice to debtors of the assignor when it is brought to their knowledge, and becomes actual notice.   To hold otherwise would be unauthorized by anything in the statute, and, as we believe, in conflict with the general understanding of the bar in this state.   If the legislature intended to make such a publication constructive notice, they would have so declared in express terms.

Judgment reversed.