Simon, J.
delivered the opinion of the court.
Plaintiff sues for the recovery of the sum of $3750, which he alleges to be the amount of three notes of hand, which were transferred to him by one ”W. *286 T. Joyce, in July, 1837. He represents that the said three notes, each amounting to $1250, dated the 8th of April, 1837, payable four, eight, and twelve months after date, and drawn by Gr. R. Wright to the order of the said Joyce, had been placed by Joyce in the hands of the defendants for collection, and that in consequence of the transfer, defendants’ receipt for said notes, together with a written order to hand them over, or the proceeds , thereof, to the plaintiff, was delivered to said plaintiff, who, before the maturity of said notes, called on the defendants, and presented to them the said receipt and order. He further states, that he exhibited to the defendants the proof of the assignment and sale of said notes in due time, but that said defendants refused to deliver up said notes, whereby said plaintiff has been prevented to realize the said sum of $3750, for which ho prays judgment against the defendants in solido. Said defendants pleaded the general issue, and the district court being of opinion that the assignment or transfer of the notes in question had not been notified or communicated by the plaintiff to the defendants, gave judgment in favor of the latter; from which judgment the plaintiff appealed.
The evidence shows, that defendants’ receipt and Joyce’s written order, were presented to said defendants by plaintiff’s agent a few days before the first note became due (8th of August, 1837); that Landis remarked, that the [473] notes were deposited in bank for collection; that he had no doubt the first one would be protested; and that then he would hand them all over to said agent. It is also shown, that the assignment was presented to the defendants between the 2d and 7th of August, 1837, and that on the 15th of the same month, the three notes were delivered back by defendants to Joyce, who gave them a receipt accordingly.
With this evidence before him, we are at a loss to conceive how the judge a quo could come to the conclusion that the assignment had not been notified or communicated to the defendants. The testimony leaves no doubt in our mind, that when said defendants delivered back the notes to Joyce and took his receipt, instead of requiring the production of their own receipt, they had previously been apprised of the transfer of the notes to the plaintiff, and that they knew that their said receipt was in the hands of the said plaintiff. We are not aware that any particular form is required in giving notice of a transfer; the principal object of the law appears to be to prevent an improper payment after the debt has been transferred, and to protect and secure the rights of the transferree; it matters not in what manner knowledge of the transfer is brought home to the debtor, provided it be clearly shown that he knew that his former creditor was divested of all his rights to the debt assigned, and that such knowledge of the fact was derived from the transferree or from his agent. 12 Mart. 702; 1 Mart. ÍT. S. 425 ; 6 Id. 286.
Under this view of the question, we think that the defendants ought not to have delivered the notes to Joyce; that they did so at their peril, and that they are therefore bound to make good to the plaintiff the loss which he may have sustained from not having had in his possession at the time they became due, the three notes which he had a right to claim of said defondants by virtue of the transfer.
*287 It is, however, contended by the appellees that this action being one in the nature of a claim for damages, the right of recovery cannot be ex- [474] tended beyond the amount of the loss actually and really sustained by the plaintiff; that the notes were good for nothing, there being no other security for their payment but the personal responsibility of the drawer who was in insolvent circumstances; and they have attempted to prove these facts by oral testimony, by the record of the suit of "Wright against his creditors, and by the production of a suit in admiralty in the district court of the United States, showing how the proceeds of the sale of a certain steamboat mortgaged to secure the amount of the notes in question, had been disposed of; which last document was rejected by the lower court.
The record contains a bill of exceptions taken to the opinion of the judge a quo rejecting the suit in admiralty, on the ground that it was res inter alios acta, and that the plaintiff could not be affected thereby. It had been offered to prove res ipsas, and for such other purposes as to show that a claim had been filed in said suit, wherein Joyce as holder of the three notes had claimed to have said notes paid in preference out of the proceeds of the sale of the boat, but that said proceeds were not sufficient to pay the privileges of higher rank than the mortgage, &c. We think the district judge erred in not admitting in evidence the record of the said suit in admiralty. It was not only good to prove res ipsas, but also to show in what manner the boat had been sold and its proceeds disposed of; particularly as Joyce himself, the plaintiff’s transferror, is said to have been a party to the suit, and for aught that appears, it may have been before transferring the debt to the plaintiff. The objections may perhaps go to the effect of the evidence, but we can see no good reason why, in a case of this nature, the defendants should not have the benefit of the facts which can be disclosed by the production of the record of the admiralty suit.
The parol evidence, so far as it has been adduced, appears somewhat contradictory ; but coupled with the fact that the drawer of the notes in [475] question was insolvent, it affords a certain presumption, that said notes had not, at the time of the notice of transfer, the value which they purport to have on their face. All that the plaintiff can require is to be placed in the same situation in which he would have been if the notes had been delivered up to him by the defendants, at the time he made his application; and as said defendants cannot in justice be made liable beyond the real value of the notes at that time, and as this case must be remanded for the purpose of affording said defendants an opportunity of introducing the record of the suit in admiralty in evidence ; we think this question of fact is a proper one to' be submitted to a jury, who, in a matter like this, are perhaps the proper and competent judges to ascertain the real amount of the loss or damages sustained by the plaintiff.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that this case be remanded to the court below for the purpose of assessing the amount of damages sustained, with instructions to-the judge a quo to receive in evidence the *288 record of the suit in admiralty; the costs of this appeal to be borne by the defendants and appellees.