SUCCESSION OF VALERY JEAN DELASSIZE.

A claim on which suit has been instituted, or a judgment, may be transferred ver-
bally. Such transfers may be proved by witnesses; and where the amount of
the claim, or judgment, exceeds five hundred dollars, the transfer may be es-
tablished by one witness and corroborating circumstances.

The notice to be given to the debtor to render the transfer of a claim or judgment
binding upon third persons, is not required to be in any particular form. It is
enough that it be such as to inform him of the fact that his former creditor is
divested of all his rights to the thing assigned. Such notice may be proved like
any other fact, according to the established rules of evidence; and one witness
is sufficient, whatever be the value of the claim or judgment transferred.

No law authorizes the substitution of the name of the transferree of a claim in suit
for that of the transferror, on the records of the court. In case of such a transfer,
it is customary to prosecute the suit to judgment in the name of the plaintiff, but
for the benefit of the transferree.

APPEAL from the Court of Probates of New Orleans, *Bermu-
dez*, J.

*R. M. Carter*, for the appellant, cited *Thomas* v. *Callihan's
Heirs*, 5 Mart. N. S. 180.

*D. Seghers*, contra, cited the Civil Code, arts. 2612, 3613,
2614, and the Commentaries of Troplong on the corresponding
articles 1689, 1690, 1691, of the Code Napoléon. De la Vente,
vol. 2, p. 453, *et seq.* Nos. 881, 882.

MORPHY, J.   A provisional tableau of distribution, or account,
was filed by the dative executor of the deceased, wherein it is
stated that Wm. Downing claims the amount of a judgment ren-
dered on the 7th of December, 1839, in his favor and against the
deceased, for $1553, but that this claim is resisted on the ground
that under a *fieri facias* issued from the City Court of Lafayette
at the suit of W. R. B. Wills, a judgment creditor of Downing, the
sheriff of the parish of Orleans seized and sold to Jean Dufour, all
the right, title and interest of W. Downing in and to the said
judgment against Delassize, and that, subsequently, the deceased
settled with Jean Dufour for said judgment, whereby his debt to
Downing was extinguished.   To this account James Marlatt
made opposition, claiming to be placed on the tableau of distribu-
tion as a privileged creditor of the estate for $1553, being the

amount of a judgment against the deceased, which he alleged was transferred to him by Downing, in May, 1838, and which was duly recorded on the 12th of April, 1840. Marlatt's opposition was dismissed, the judge below being of opinion that assignments and notices of assignments should be in writing in order to bind third persons; and that, even if they could be proved by oral evidence, that adduced in the present case, was insufficient, inasmuch as the claim exceeds $500. Marlatt has appealed.

We are unacquainted with any law prescribing that assignments, or transfers of debts or incorporeal rights shall be in writing. All contracts which are not expressly required to be reduced to writing, can, we apprehend, be made verbally. In the case of *Hughes* v. *Harrison et al.*, 2 La. 89, this court held, that parol evidence was admissible to prove the sale and transfer of a note payable to order, without endorsement or written transfer. A debt or a judgment is personal property, the assignment of which can always be proved by witnesses. As to the notice which must be given to the debtor, in order to render an assignment binding on third persons, we have repeatedly said, that no particular form is required, and it is enough if notice of the transfer be given to him so as to bring home to him the knowledge that his former creditor is divested of all his rights to the debt assigned. The fact of such notice may be proved like any other fact in a cause, according to the established rules of evidence. 12 Mart. 702. 1 Ib. N. S. 425. 5 Ib. N. S. 180. 6 Ib. N. S. 296. 17 La. 472.

R. M. Carter testified, that Marlatt had a claim for about $700 or $800 against Downing; that at the time, a suit was pending by Downing against Delassize for about $1200 or $1500; that to pay or secure the payment of his debt to Marlatt, Downing transferred to the latter the claim against Delassize in his (witness's) presence, and witness gave notice of said transfer to Delassize, and also to the sheriff; that subsequently to said transfer, the judgment against Delassize was sold by the sheriff at the suit of Wills; that witness was attorney for Marlatt, and subsequently took steps for Marlatt, and on behalf of Downing, to recover the claim from Delassize.

Another witness, J. C. David, deposed, that in his presence

Downing declared, that he had transferred his claim against Delassize to Marlatt. This declaration of Downing, testified to by the second witness, is in our opinion a corroborating circumstance in support of the deposition of the first one, and renders it sufficient to prove the assignment of the debt to Marlatt. More than one witness was not required to prove the fact of notice to the debtor. We do not attach much importance to the circumstance that, after the assignment, the proceedings were continued in the District Court, and motions were made in the Court of Probates, in the name of Downing, as if no transfer had taken place. There is no law authorizing the substitution of an assignee's name to that of the assignor on the records of the court; and it is customary, we believe, when a transfer of this kind takes place during the pendency of a suit, to prosecute the same to judgment in the name of the original and apparent plaintiff, but for the benefit of the assignee. We are satisfied from the testimony, that the judgment obtained against Delassize, in December, 1839, belonged to Marlatt, under the assignment previously made to him by Downing; and that, therefore, the purchaser at the sheriff's sale, made at the instance of Wills, in April, 1835, acquired nothing, when he bought all the right, title and interest of Downing in and to said judgment. The record shows, that this judgment was recorded on the 29th of April, 1840, and that, on the 5th of April, 1841, it was admitted to be subject to a credit of two hundred dollars, on a motion made to obtain an *alias fieri facias* against Delassize from the District Court.

It is, therefore, ordered, that the judgment of the Court of Probates be reversed, and that James Marlatt be placed on the account filed by the dative testamentary executor as a mortgage creditor for $1353, and his costs of suit in the District Court; and it is further ordered, that the account so amended be approved and homologated. The costs in both courts to be paid by the estate.