No. 10,138.

CHARLES F. JOHNSON & CO., MRS. A. V. WITKOWSKI, SUBROGEE, VS. BOICE & FRELLSEN,

AND

J. W. FRELLSEN, VS. MRS. A. V. WITKOWSKI AND HUSBAND, AND SHERIFF.

(Consolidated.)

A husband cannot testify in a case in which his wife has an interest involved.

The transferrer of a judgment who sells all his rights to it and to all suits growing out of it, warrants the *existence* of the debt at the time.

If the judgment has been previously extinguished and was not in existence as a claim at the date of the sale, the vendor is bound to restore the price to the purchaser.

The transfer of a judgment does not bind the judgment debtor, unless it has been notified to him or it is clearly shown that he had knowledge of it.

The mere filing or placing the transfer among the papers of the suit and recording of it in the books of the parish recorder, are not equivalent to the notice required by law, which must bring home to the debtor knowledge of the fact.

A debtor who settles with his creditor previous to notification or knowledge of the transfer is discharged from the debt.

APPEAL from the Eighth District Court, Parish of East Carroll. *Deloney*, J.

*W. G. Wyly* for the Appellant.

*J. M. Kennedy* and *C. J. & I. S. Boatner* for the Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The object of the first suit is to revive a judgment, and that of the second is to suspend the execution of that judgment meanwhile.

18

The ground of resistance by the defendant is that the judgment has been extinguished.

From a judgment refusing to revive and perpetuating the injunction, this appeal is taken.

It appears that the judgment sought to be revived was rendered on notes in favor of C. F. Johnson & Co. It is claimed that subsequently it was transferred by that firm in liquidation by one of its members to Mrs. Witkowski, who, it is alleged, was the owner of the notes.

Since the institution of the present proceedings and joining of issue Mrs. Witkowski has transferred all her rights in and to the judgment to one Herman Wilczinski, who by order of court was substituted to her and permitted to proceed in the prosecution and defense of the two suits.

Frellsen, one of the defendants in the original suit, and who is the plaintiff in injunction proceeding, contends that the alleged transfer of the judgment by Johnson & Co. to Mrs. Witkowski is null for various reasons, and that even were it valid, it is barren of effect because it was not *notified* to him. He therefore concludes that the settlement which, in ignorance of that transfer, he avers to have since made with Johnson & Co., has discharged him from the debt.

On the trial, the ostensible plaintiff by substitution, Witczinski, offered as a witness Simon Witkowski. Objection was made on the ground of his being the husband of Mrs. Witkowski, the first transferree, who had an interest at stake in the suit.

The objection was answered by saying that, as Mrs. Witkowski had ceased to have any interest involved, in consequence of her transfer of her rights in the suit, the opposition was groundless.

The district judge sustained the objection and refused to allow the witness to be heard.

There was no error in the ruling.

Mrs. Witkowski appears to have sold by authentic act to Hermann Wilczinski all her rights in and to the judgment and the two cases for the reviving of the same and for an injunction, above mentioned, and all other suits growing therefrom, etc.

Upon production of this act an order was obtained, as already said, to substitute Wilczinski to Mrs. Witkowski, after issue had been joined in the two cases.

The sale of these rights by Mrs. Witkowski, though the same be unexpressed in the act, implied a warranty of the *existence* of the debt, evidenced by the judgment, although it did not include, as a matter

Johnson & Co. vs. Boice & Frellsen.

of course, that of the *solvency* of the debtor, for this has to be specially stipulated. R. C. C. 2646, 2647.

It therefore follows that, as she was a warrantor of the existence of the judgment debt sold to Wilczinski, she had an interest at issue, which existence was denied in the suit to revive. It is manifest that if the ground urged by Frellsen is well taken, viz: that the judgment debt had been extinguished, Mrs. Witkowski, as warrantor of that claim, would be liable for reimbursement to her evicted vendee. R. C. C. 2500 and sec. 9; 2 Ann. 880; 7 Ann. 268; 13 Ann. 336.

This would be the case even if she had known or strongly suspected the insolvency of the debtor at the time of the assignment; for then the law provides that the contract would be rescinded and the assignee compelled to restore the price. R. C. C. 2649.

As Mrs. Witkowski had an interest involved in the litigation consisting in the recognition and maintenance of the debt, the existence of which she had warranted, it is clear that her husband could not be permitted to testify, either for or against her. R. C. C. 2281. .

The record contains another bill to testimony affecting the genuineness of Mrs. Witkowski's signature to the transfer to her, but the view which we have taken respecting that instrument renders it useless to pass upon that bill.

The next question to be considered is, whether the judgment sought to be revived and the execution of which is enjoined, was or not extinguished previous to notice or knowledge of the transfer to her.

Frellsen strenuously charges the nullity of the transfer which was apparently made of the judgment by the original plaintiffs to Mrs. Witkowski, and urges in support several grounds, which it is needless to consider.

Admitting that the transfer was truly and legally made, it does not follow that from that fact the settlement which Frellsen claims to have made with those plaintiffs, previous to knowledge, has not discharged him.

The transfer, in order to invalidate that settlement, ought to have been *notified* by the original plaintiff, or at least by the subrogee to the judgment debtor.

The law on the subject formally declares that if *previous* to the notice having been given of the transfer, either by the transferrer or the transferree, the debtor should have made payment to the former, he will be discharged from the debt. R. C. C. 2644.

In answer to this defense Mrs. Witkowski retorts that Frellsen had notice of her title to the judgment at the time of the alleged settle-

ment by him with Johnson & Co. (March 9, 1878), *because* the act of subrogation to the judgment was and had been on file and in the papers of the suit and also been duly recorded. She alleges no other notice.

Conceding this to be true, it does not follow that the filing and recording are in law equivalent to the *notice* required by the Code, which must consist in something more.

The law does not require any particular form of notice, but it demands that notice be given. The object of the notice is as well for the protection of the transferree as for that of the debtor, in order to prevent an improper payment, thus securing the rights of the transferree to payment and those of the debtor against loss and to a legal discharge, in case of payment or settlement. It matters not in what manner knowledge of the transfer is brought home to the debtor, provided it be *clearly* shown that he knew that his former creditor was divested of his right and that such knowledge was properly conveyed. The notice or knowledge was indispensable. 6 N. S. 286, 297; 17 L. 471; 18 L. 414; 8 R. 259; 9 R. 207; 12 R. 409; 4 Ann. 356; 13 Ann. 384; 14 Ann. 384; 26 Ann. 302.

It has consequently been held that the record of an assignment in the office of a parish judge is not notice sufficient to bind third persons (5 N. S. 181); and that knowledge in the judgment debtors' attorney of record of the assignment of the judgment is not sufficient notice. 9 Ann. 225.

The transfer in question to Mrs. Witkowski purports to have been made on December 27, 1876. It is not claimed or shown that it was in any manner notified to Frellsen, or that he had any knowledge of it previous to the institution of the suit to revive. The consequence of the omission is therefore, under the very terms of the law, that if Frellsen has made any settlement with Johnson & Co., who had obtained against his firm, his partner and himself *in solido* the judgment in question, *before* he had any knowledge of the transfer to Mrs. Witkowski, he has satisfied his debt, and that neither Mrs. Witkowski nor her transferree can obtain a revival of the judgment.

Now the evidence is clear that on March 9, 1878, Frellsen made a settlement with Chas. F. Johnson & Co., by which, in consideration of the amount acknowledged to have been paid, he was discharged by them of *all claims* against him, whether included or not in the account on which the receipt and discharge was signed by P. Prudhomme, the partner who represented with authority the partnership in liquidation in the transaction.

The objection that Frellsen cannot claim a discharge under Article 2644, R. C. C., because such is obtained only on payment and not at all on compromise, has no force.

A creditor, if he choose, can extinguish part of his claim by remission and accept payment of the debt, as reduced, in full of what it previous was. A part payment discharges as well as a payment in full by consent of parties. R. C. C. 2130.

These views relieve us from passing on the title of Mrs. Witkowski to the notes on which the judgment was obtained, and on the question of her obligation to account for the property originally seized when the suit was brought, and which was released on a bond signed by her as surety.

We therefore conclude that, as the judgment sought to be revived and executed was satisfied and extinguished previous to notice and knowledge of the transfer to Mrs. Witkowski, the finding of the lower court must be maintained.

Judgment affirmed.