**ADAMS, BROWN & CO., Inc., v. L. FEIBLEMAN & CO., Inc.***

**No. 14631.**

Court of Appeal of Louisiana. Orleans.

Feb. 12, 1934.

Rehearing Denied Feb. 26, 1934.

Monroe & Lemann and R. G. Polack, all of New Orleans, for appellant.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff, as assignee of an open account, brought this action to recover the face value thereof, amounting to the sum of $336.05, from defendant which purchased from the assignor the merchandise covered by the invoice. The defendant admits receiving timely notice of the assignment, but pleads that it was inadequate.

From an adverse judgment, the defendant has appealed.

The law on the subject is found in articles 2643 and 2644 of the Civil Code which read as follows:

"Art. 2643. The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place. The transferree may, nevertheless, become possessed by the acceptance of the transfer by the debtor in an authentic act.

"Art. 2644. If, previous to notice having been given of the transfer to the debtor, either by the transferrer or by the transferree, the debtor should have made payment to the transferrer, the debtor is discharged of the debt."

In discussing the question of sufficiency of notice of an assignment, the Supreme Court in the case of Johnson et al. v. Boice & Frellsen, 40 La. Ann. 276, 4 So. 163, 164, 8 Am. St. Rep. 528, said:

"The law does not require any particular form of notice, but it demands that notice be given. The object of the notice is as well for the protection of the transferree as for that of the debtor, in order to prevent an improper payment; thus securing the rights of the transferree to payment, and those of the debtor against loss, and to a legal discharge, in case of payment or settlement. It matters not in what manner knowledge of the transfer is brought home to the debtor, provided it be clearly shown that he knew that his former creditor was divested of his right, and that such knowledge was properly conveyed. The notice or knowledge was indispensible."

The evidence shows that it was the custom to have the notice of assignment printed or stamped upon the invoice sent by the creditor to the debtor. The defendant's witnesses

---

*Writ of certiorari denied by Supreme Court March 26, 1934.

admitted that the invoice in question was brought to the attention of the comptroller and the accounts payable clerk of the defendant. At the top of the document appears the name and address of the creditor, below which is placed the name and address of the debtor (the defendant), and below that an itemized statement of the merchandise, and then the following which is stamped upon the face of the invoice:

"THIS INVOICE IS PAYABLE TO ADAMS, BROWN & CO., INC., 401 BROADWAY, NEW YORK, N. Y., IN WHOM TITLE IS VESTED."

A number of other invoices were introduced in evidence which showed that there was no particular place on the invoice to print or stamp the notice of assignment.

The opinion of our learned brother below so clearly and succinctly disposes of the issue that we have concluded to adopt it as our own. It reads as follows:

"Of course, it is the duty of the assignee to give notice. Without that, a prior payment to the original creditor would discharge the debtor. In this case, the notice is given by stamping it upon the face of the invoice. It appears that that is the customary way of giving notice, that is to say, it is customary, where there is an assignment. That was done in this case. There is the notice. If one would read all that is written or printed or stamped upon that invoice, he could not possibly escape the notice of assignment. I do not understand that there is any such custom of placing these notices upon a particular place upon the invoice as would invalidate a notice otherwise given, if it is given—if the stamp can be seen. Now, I observed this invoice, and so far as I can see, there is no other place to put the stamp on the invoice, no blank space, that is to say, large enough to take the stamp. If it were put at the top, it would have to be stamped upon other matter. In its actual location, it stands apart, separated from all the other printed or typed matter on the invoice. I can well understand that the matter of giving notice might be so negligent as to amount to no notice at all. If I write a notice in an illegible hand, I have accomplished nothing. If I called out by word of mouth, and my tones are so indistinct that they cannot be heard, why, there is the same result, but there is no difficulty at all about reading this notice, if you look at it. And I cannot say that there is such negligence in the preparation of the invoice and the placing upon it of the stamp of assignment as to relieve the defendant here. So it seems to me that the plaintiff has proved that he did give notice of the assignment before the payment. So

that the payment to the original creditor does not discharge the obligation. There will be judgment for plaintiff as prayed."

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.