**STRUDWICK FUNERAL HOME, Inc., v. LIBERTY INDUSTRIAL LIFE INS. CO., Inc.**

**No. 16714.**

Court of Appeal of Louisiana. Orleans.

Nov. 2, 1937.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

Harry R. Cabral, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Strudwick Funeral Home, Inc., as assignee of Mrs. Octavia Roy, obtained a judgment below against the defendant insurance company for the proceeds of a certain policy issued by it upon the life of one Albert Robertson, who died in the city of New Orleans on November 17, 1936.

The defendant resists the claim on three grounds; the first being that the record fails to show a valid assignment from Octavia Roy, the beneficiary under the policy, in favor of the plaintiff.

Although the petition alleges that Octavia Roy assigned and set over to plaintiff all of her right, claim, and interest in and to the proceeds of the insurance policy, the only proof adduced to sustain this charge consists of a written request or order issued by Octavia Roy, reading as follows:

"New Orleans, Louisiana
"Date Sept. 21, 1936.
"Liberty Ind. Life Ins. Co. of Louisiana
"Please pay to the order of Strudwick Funeral Home, Inc. the amount of benefits due under Policy No. 56140B
"Beneficiary (signed) Octavia Roy .
"Witnessed:
"(Signed) Mrs. Henrietta Floret
"(Signed) A. J. Gaskin."

The defendant insists that the foregoing is merely a request upon it to pay the proceeds of the policy to the plain-

tiff, and does not constitute a valid assignment as contemplated by articles 2642 and 2643 of the Civil Code. Article 2642 provides: "In the transfer of credits, rights or claims to a third person, the delivery takes place between transferrer and transferree *by the giving of the title.*" (Italics ours.)

Article 2643 reads:

"The transferree is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.

"The transferree may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act."

In view of the foregoing articles, the question is whether the above-quoted order is sufficient to exhibit a transfer of title from Octavia Roy to the plaintiff. It is the uniform jurisprudence of this state, and also of the common law, that, in the absence of statute, no special form of words or language is required to constitute a valid assignment, and that "any language, however informal, *if it shows the intention of the owner of the property or chose in action to transfer it* and sufficiently identifies the subject-matter, will be sufficient to vest the property therein in the assignee." (Italics ours.) See Corpus Juris Secundum, Assignments, vol. 6, § 52, page 1096.

Likewise, under Article 2643 of the Civil Code, the debtor is entitled to notice of the assignment and, while it is held that no particular form of notice is necessary, it is essential that the notice given be such as to inform him that his former creditor has divested himself of all of his (creditor's) rights to the thing assigned. See Gillett v. Landis, 17 La. 470; Succession of Delassize, 8 Rob. 259; Charles F. Johnson & Co. v. Boice & Frellsen, 40 La. Ann. 273, 276, 4 So. 163, 8 Am.St.Rep. 528, and Adams, Brown & Co. v. L. Feibleman & Co. (La.App.) 152 So. 693.

In the case at bar, it will be noted that the purported assignment is merely an order or a request upon the defendant to pay the proceeds of the policy to the plaintiff. We think it is insufficient because there is nothing contained in the document which discloses that it was the intention of Octavia Roy to transfer her rights, as beneficiary under the policy, to the plaintiff. It is nothing but a request, made upon the defendant, to pay the plaintiff, and,

without explanation by parol testimony (and none is contained in the record), cannot be interpreted to mean other than that the plaintiff was appointed as agent of Octavia Roy to collect the proceeds of the policy.

Counsel for the plaintiff, however, argues that the word "please," contained in the alleged assignment, should be eliminated therefrom, for the purposes of construction, and that, when this is done, the document is an absolute order upon the defendant to pay. It is further suggested that, if the order is viewed in this manner, it falls into the same category as a bank check, and that a bank check operates as an assignment of the funds drawn against the bank the moment the bank is notified. Reliance is placed, in support of the correctness of the latter proposition, in the decision of Sliman v. Mathook, 17 La.App. 635, 136 So. 749, 750, decided by our brethren of the First circuit, wherein it was remarked: "It would seem that a bank check, which is an unconditional order to pay money and constitutes an assignment of the funds it is drawn against the moment the bank is notified of the drawing, creates a debt which is as fully liquidated and demandable and is of equal dignity with the others."

We find, however, that the above-quoted statement is in discord with the law of this state, which has been in effect since the adoption of the Uniform Negotiable Instruments Act. Section 189 of that Act (No. 64 of 1904) provides: "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, *unless and until it accepts or certifies the check.*" (Italics ours.)

The Supreme Court, in Feitel House Wrecking Co. v. Citizens' Bank & Trust Co., 159 La. 752, 106 So. 292, 294, in speaking of the effect of this, said: "Hence it appears that, since the passage of the Negotiable Instruments Law, the law in this state is that, until a check has been accepted or certified by the drawee bank, it does not operate as an assignment of any part of the funds of the drawer in the bank, although the bank may have been notified of the drawing of the check, and hence, unless the check has been accepted or certified by the bank, there is no privity between the bank and the holder, and

682

therefore the holder has no cause of action against the bank."

In the recent case of Spremich v. Somerfield (La.App.) 166 So. 630, we were called upon to construe a letter written by the defendant to the American Bank & Trust Company, in which she directed the bank to pay the sum of $500 to one Burdine. The letter was considered as having the effect of a check, and we held that, since (under the Negotiable Instruments Act) a check was only an order on and authority to the bank to pay, the drawer has the right to revoke such authority and countermand the order at any time before the bank has actually accepted the check for payment. We further found that, in view of the Negotiable Instruments Law, the mere giving of the letter by Mrs. Somerfield did not operate as an assignment of the funds held by the bank until it actually paid or recognized the holder as being entitled to the funds held on deposit by it.

In the instant case, the most favorable construction which can be placed upon the order of Octavia Roy is that it is a check or draft drawn against the fund held by the defendant. There is nothing contained therein which discloses that the beneficiary of the insurance policy intended to and actually did assign and transfer her title to the proceeds in favor of the plaintiff. While it is not necessary for an assignment to be expressed in any particular form, it is vital that it reveal a positive intention on the part of the assignor to transfer her title to the assignee.

It is, likewise, well established that the debtor may assert, as a defense in this type of action, "any matter which renders the assignment absolutely invalid or ineffective * * * and he may question plaintiff's lack of title or the right to sue." See Corpus Juris Secundum, Assignments, vol. 6, § 132, page 1184.

We accordingly hold that the purported assignment is insufficient to vest a right of action in the plaintiff. In view of this finding, it is unnecessary to consider the other defenses in the case.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be, and it is hereby, reversed, and it is now ordered that plaintiff's suit be dismissed at its cost.

Reversed.