## Succession of DAVIS.
### No. 1930.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1939.

Lottinger & O'Neal, of Houma, for appellant.

Harris Gagne, of Houma, for appellee.

OTT, Judge.

The widow of the deceased, Leonce Davis, qualified as administratrix of the succession, and in due course sold the property of the succession in order to pay debts. The amount realized from the sale of the property was $805. The administratrix filed an account in which she proposed to pay the cost, leaving a balance of $734.95. The only other claims listed on the account are the privileged claim of the minor in necessitous circumstances and a judgment against the deceased in favor of Dupont's Department Store for $70.35, with interest and cost.

Joseph L. Ane filed an opposition to said account alleging that at the time the above judgment was rendered against the deceased and in favor of Dupont's Department Store, he was the sole owner of said Store and is the owner of said judgment against the deceased; that neither the widow nor the minor child was entitled to a preference for the payment of the $1000 privileged claim provided for by law for the reason that neither the widow nor the minor is in necessitous circumstances, and he asked that said claim be stricken from the account; that the account be amended, and that he be placed thereon as a creditor for the full amount of said judgment.

When the opposition of Ane came up for trial, he was sworn as a witness to prove that he was the owner of the said judgment which had been listed on the account of the administratrix, whereupon counsel for the administratrix objected to the introduction of parole evidence to change, vary or alter the judgment. The objection was sustained, and the court being of the opinion that the opponent could not prove his ownership of the judgment by parol, dismissed the opposition. From that judgment of dismissal, opponent has appealed.

There is nothing in the law of this state to prevent the proof of the ownership or transfer of a judgment or other incorporeal right by parole testimony. Succession of Valery Jean Delassize, 8 Rob. 259. It was not the purpose of the parole testimony to vary, change or alter the terms of the judgment, but only to prove the ownership of it and how that ownership was acquired. The trial judge was in error in excluding the parole testimony by the opponent.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and the case is remanded to the lower court for trial in accordance with the views herein expressed; cost of appeal to be paid by the administratrix, and all other cost to await the final termination of the case.