ELLIS, Judge.
Plaintiff as the judgment creditor of the defendant sought to garnishee the latter’s employer, Gaylord Container Corporation, which duly answered and set forth that there were two wage assignments. The pertinent part of the garnishee’s answer is as follows:
“Answering Interrogatory No. 4, respondent says:
“Tyree Young is employed by respondent. His rate of pay is One and 43/100 ($1.43) Dollars per hour, working ordinarily forty (40) hours per week.
“Heretofore there has been deducted weekly from wages accruing to Tyree Young the following:
“(a) Under assignment and deduction authority executed by Tyree Young unto and in favor of First State Bank & Trust Company, Bogalusa, Louisiana, there has been deducted the sum of Fifteen and no/100 ($15.00) Dollars from his weekly wage toward paying an indebtedness, the unpaid bal■ance of which is the sum of Four Plun-dred Fourteen arid 09/100 ($414.09) Dollars.
“(b) By assignment and deduction authority executed by Tyree Young, *370 there has been deducted from his weekly wage and paid over to the Employees’ Federal Credit Union the sum of Sixteen and no/100 ($16.00) Dollars toward a debt on which there is an unpaid balance of Five Hundred Thirty-four and no/100 ($534.00) Dollars.
“(c) There is deducted, as required by law, the F.I.C.A. tax each week of approximately eighty-six (86‡) Cents.”
The garnishee accordingly prayed that the relative rank of the wage assignments and deduction authority and the wages of Tyree Young subject to seizure under the law of Louisiana be adjudicated upon.
The District Court ruled that these assignments primed the garnishment of plaintiff and rendered judgment to that effect, from which plaintiff has perfected a sus-pensive appeal.
Counsel for plaintiff contends that the statutory law applicable to “Garnishment of Wages, Salaries and Commissions” which is set forth in LSA-R.S. 13 :3921 et seq., and Article 644 of the Code of Practice clearly' indicates that the only exemption is the 80% with $60 monthly minimum provided in the Code of Practice, supra, and further indicates that only prior judgments, prior writs of garnishment, and indebtedness to an employer prime a writ of garnishment. He argues that as no mention is made of an assignment priming a writ of garnishment, to allow such is therefore inconsistent with our theory of the law that a secured .creditor prevails over an unsecured creditor.
He. further argues that as a general proposition of law a wage assignment should not be allowed to take priority and preference over a garnishment as such action is open to collusion on the part of the employee who is being garnisheed. Further, that an employee who anticipated that he was going to be garnisheed could give a wage assignment so large in size that it would mean that a general creditor would not be able to garnishee him for years. Counsel for plaintiff then cites the well-settled law of our state that a judgment creditor acquires a privilege on the property seized which entitles him to a preference over other creditors by the mere act of his seizure of the property, citing Milliken & Farwell v. Taft Mercantile Co., 7 La.App. 150, and therefore contends that to rule as did the District Court in this case would mean that a creditor who has a privilege must yield in priority to a creditor who has no privilege. He further submits that the only conclusion which can be reached after an examination of the statutes of our state pertinent to the law of garnishments is that it was the intention of the law makers that the only individual who could possibly take priority and preference over a judgment creditor insofar as the garnishment of the wages of a judgment debtor is concerned is the employer to whom the employee was indebted prior to the issuance of the garnishment as set forth in LSA-R.S. 13:3925.
In view of the fact that no other exception was made in the law and no other priority over a judgment creditor was granted by the law makers in a garnishment proceeding, it is counsel’s further contention that it was. the specific intention of the law makers to grant a priority in a garnishment proceeding only to an employer and to no one else.
Should we confine ourselves to the authorities used by learned counsel for plaintiff as a basis for his apparently logical arguments, we would perhaps be forced to agree, however, that there is other law pertinent and applicable to the situation which must be considered and which definitely deals with assignments against future wages. There is no question raised or contention made that one can not under the law of Louisiana assign his wages as was done in the present case. Such an assignment is recognized by our law and jurisprudence.
Strudwick Funeral Home, Inc., v. Liberty Industrial Life Ins. Co., Inc., La.App., 176 So. 679, 680, dealt with an alleged assignment of the proceeds of an insurance policy and the court in dealing generally with the assignment stated:
*371 “The defendant insists that the foregoing is merely a request upon it to pay the proceeds of the policy to the plaintiff, and does not constitute a valid assignment as contemplated by Articles 2642 and 2643 of the Civil Code. Article 2642 provides: ‘In the transfer of credits, rights or claims to a third person, the delivery takes place between transferrer and tránsferree by the giving of the title.’ • (Italics ours.)
“Article 2643 teads:
“‘The tránsferree is'only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place; '
“ ‘The tránsferree may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act.’
“In view of the foregoing articles, the question is whether the above-quoted order is sufficient to exhibit a transfer of title from Octavia Roy to the plaintiff. It is the uniform jurisprudence of this state, and also of the common law, that, in the absence of statute, no special form of words or language is required to constitute a valid assignment, and that ‘any language, however informal, if it shows the intention of the owner of the property or chose in action■ to transfer it and sufficiently identifies the subject-matter, will be sufficient to vest the property therein in the assignee.’ (Italics ours.) See Vol. 6, C.J.S., Assignments, § 52, page 1096.
“Likewise, under Article 2643 of the Civil Code, the debtor is entitled to notice of the assignment and, while it is held that no particular form of notice is necessary, it is essential that the notice given be such as to inform him that his former creditor has divested himself of all of his (creditor’s) rights to the thing assigned. See Gillett v. Landis, 17 La. 470; Succession of Delassize, 8 Rob. 259; Charles F. Johnson & Co. v. Boice & Frellsen, 40 La.Ann. 273, 276, 4 So. 163, 8 Am.St.Rep. 528, and Adams, Brown & Co. v. L. Feibleman & Co., La.App., 152 So. 693.”
In American Jurisprudence, Vol. 4, Sec. 41 under “Assignments — :E. Salaries and Wages — Generally”, it is stated:
■“With res'p’ect to unpaid wages already earned,'the relationship between employer and employee is that of debt- or and creditor; the right of the employee to 'those wáges is á' chose in action and, as shch; may be assigned. It is not, however, ■ essential -to the validity of an' assignment of salary or wages that they be already earned at the time of the assignment; if a person is under an actual contract’ of employment, his future earnings amount to’ a possibility coupled with an interest, and the right to receive them, though liable to be defeated, is vested, and, this being the case, he may ordinarily assign them unless the right is restricted by statute. 'It is, however, essential to the validity of an assignment of wages to be earned in the future that at the time of the assignment the assignor be employed, although it may not be necessary that his employment be for any definite time * * *»'
His Honor.,of the District Cqurt relied upon the Am.Jur., Vol. 4, Sec. 134, Page 636 and Sec. 322, Page 756, in .which it is stated:
“134. Liability to suit by Defendant as Test of Liability to Plaintiff as garnishee — Ordinarily, the test of the liability of one as garnishee is whether he has property, funds, or credits'in his hands belonging to the principal debtor for the recovery of which the latter has a present subsisting cause of action. In other words, persons who are liable to suit generally and who have property, or are indebted- to the principal plaintiff in attachment or garnishment, are liable as garnishees to the same extent as they are liable to suit by the defendant with respect to such property or indebtedness. There are, however, *372 exceptions to this general rule, one of which is that if a debtor has fraudulently conveyed the property to another, the grantee may be charged as garnishee, notwithstanding the debtor himself may have no right of action for the recovery of the property. Also, the interest of a joint creditor may be reached by garnishment or trustee process, even though the effect will be to sever the liability, and although the principal debtor could not, by an independent action, compel payment without joining a, party entitled with him. Also, one may be charged as garnish ee where no demand has been made, notwithstanding the principal defendant could not,maintain a suit without proof of a demand. Nor can it he said in all cases that a creditor may subject a claim to garnishment because his debtor possesses a good cause of action ; there are some cases in which the rule does not apply. One who has directed his agent to make a donation to the debtor cannot be garnished, for the debtor cannot enforce payment.”
“322. Assigned Wages — A debtor may lawfully assign his future earnings and if the employer agrees to pay the assignee, he cannot afterwards be charged as the garnishee of the assignor in a process sued out by another creditor, unless, according to some courts, the assignment was made for the purpose of evading garnishment.”
The test laid down in Section 134, supra, is also the test in Louisiana.
The case of Branch Bank of Alabama v. Kraft, 18 La. 565, involved an attachment in which an attorney .at law was made garnishee. The Court in deciding the issues in the case stated:
“ * * * The case presented is then this: — a judgment creditor seizes upon notes and other •evidences of debt, due to his debtor, and a person having no judgment interferes to prevent the sale of the property seized. - He cannot be listened to unless he shows a judgment against the cómmon- debtor, or some title specifically to the property seized; and we have already said that, in our opinion, the notes attached were not affected by the order of Kraft on Ster-rett; they remained the exclusive property of the former, liable to be attached by his creditors.”
We have practically the same question in this case: did .the assignments by the defendant as declared upon in the answer of the garnishee transfer the wages assigned or would they remain the exclusive property of the defendant and liable to be attached by his creditors.
Under the general law cited in Am.Jur. supra, the right of the defendant to the wages assigned was a chose in action and as such could be assigned. Under the authority of a very old Louisiana case the question has been squarely answered in the following language:
“Where defendant, who was a contractor employed by the railroad company, obtained supplies from intervenor and gave him an order on the company, directing that all the money due him at the end of each month, as long as Meyer continued to furnish him, should be paid over to Meyer by the railroad, and said order was accepted by the company, held: The funds in the hands of the company, earned by defendant while he was furnished by Meyer, belonged to Meyer, and could not be garnisheed by the creditors of defendant—Squairs v. Haull, Gunby’s Dec. (2d Cir.1885) 24.”
The assignment which was accepted by the debtor, Gaylord Container Corporation, was valid and effectively transferred the amount of the wages set forth in the assignment to the defendant’s creditor, viz, the First State Bank and Trust Company and Employees Federal Credit Union, and therefore the Gaylord Container Corporation, garnishee, did not have in its hands funds or property subject to attachment belonging to the defendant, unless plaintiff’s other two contentions which will be discussed are meritorious.
*373 Plaintiff further argues that if the wage assignments should he held to take precedence over the garnishment, that the money'withheld under the wage assignment should be taken out of the exempt portion of the wages of the employee and not out of the non-exempt portion, thus leaving 20% of the wages subject to a garnishment. We find no merit- in this contention for the assignment is legal and valid and it is to be considered in the light of-the law relative to the garnishment of wages, salaries and commissions as set forth in the LSA-Revised Statutes and Code of Practice, supra.
Counsel in a 1 further alternative submits that no proof whatever was offered in' the District Court to the effect that a valid- assignment of the wages of the employee had been made as the employer failed to attach the wage assignment itself to the pleadings and that there is nothing in the record to satisfy the provisions of Title 6 of the LSA-Revised Statutes, Art. 587, viz., that such a wage assignment is invalid unless it is signed in person by both husband and -wife, and that such written assent of a spouse is not required when the husband and wife have been living apart and separate for a period of at least five months prior to the assignment.
The last contention arises as a result of the law applicable to small loans, and it will be noted that under the law cited, it states: “The assignment, when it is in favor of a licensee licensed as provided for in this chapter. * * * ” An examination of the answer of the garnishee shows that the unpaid balance of the loan to the First State Bank & Trust Co. was $414.09 and that to the Employee’s Federal Credit Union was $534.00, therefore, neither apparently in making this loan would be considered as licensed under the. small loan law in which the amount of the loans they are authorized to make is limited to $300 or less. LSA-R.S. 6:571, 6:572 et seq. ■ There is no merit in plaintiff’s contention.
The judgment of the District Court is affirmed.