LEMMON, Judge.
This is a contest between two conflicting creditors of Edwin McClendon, whose wages have been garnisheed by one of the creditors.
On April 27, 1977 McClendon had executed a “Pledge and Assignment of Proceeds Services”, whereby in order to secure a $38,344.42 loan McClendon did “pledge and/or assign, transfer, set over and deliver” to the First Metropolitan Bank “any and all sums now due and owing to the said McClendon or that may hereafter become due and owing to McClendon under and by virtue (of) services performed” by McClen-don for his employer. The contract was immediately served by mail on McClendon’s employer, who did not consent to the assignment in writing, but did begin paying McClendon’s wages directly to the Bank. The employer continued to do so until Associates Financial Services Company, Inc. filed a garnishment on November 8, 1977.
Associates had obtained a judgment against McClendon on September 27, 1977 and subsequently filed the petition for garnishment, making McClendon’s employer the garnishee. The employer answered, ad *93 mitting McClendon’s employment, and moved for the court to render a judgment ranking the competing claims. The judgment of the trial court ordered that the Bank’s assignment be accorded preference over Associates’ garnishment, and Associates appealed.
A seizure under garnishment takes effect upon service on the garnishee of the petition, citation, and interrogatories. C.C.P. art. 2411. In a garnishment of wages the seizure includes both accrued and future earnings. R.S. 13:3923; Sun Sales Co. v. Hodges, 256 La. 687, 237 So.2d 684 (1970). And the seizing creditor, by the mere act of seizure, acquires a privilege on the property seized which entitles him to a preference over ordinary creditors. C.C.P. art. 2292.
Thus, in this case Associates would be entitled to preference over the Bank if the latter is an ordinary creditor. However, the Bank is either (1) a privileged creditor, having acquired a privilege by virtue of the wage “assignment” (if the “Pledge and Assignment” is a security device which created a privilege on the credit under C.C. art. 3155 and 3157 until the indebtedness secured thereby is satisfied), or (2) the owner of the wages, having acquired ownership as transferee by virtue of the wage “assignment” (if the assignment is a transfer of credit under C.C. art. 2642 et seq).[1] Whichever status the Bank occupies, it is more than an ordinary creditor, and in either case the Bank is entitled to the preference accorded.
Associates contends, however, that an assignment of future wages is an assignment of accounts receivable, which under R.S. 9:3102 is not valid unless recorded.
As between McClendon and his employer there was no “account”, which R.S. 9:3101 defines as indebtedness arising out of the assignor’s business or undertaking. This statute was not intended to include wages earned by the assignor as an employee in the employer’s business or undertaking.
The judgment is affirmed.
AFFIRMED.

. In Thomas v. Young, 71 So.2d 368 (La.App. 1st Cir. 1954), which also involved a contest between a garnishing judgment creditor and a wage assignee, the court held that the assignment transferred the wages to the assignee and operated to vest the earnings as they accrued, so that the employer (sought to be made garnishee) never owed any wages to the employee which might be seized by the garnishing creditor.
This decision is open to question insofar as it would allow assignment of wages in excess of that portion which is not exempt from seizure. Assignment of future wages, while recognized by R.S. 23:731, is certainly not intended as a tool for a creditor to circumvent the public policy underlying the exemption of the major portion of an employee’s wages from seizure. Furthermore, an “assignment” of future wages until an indebtedness is paid appears to have more characteristics of the security device than of a sale. (C.C. art. 2642 et seq, cited in the Thomas case, are found in Chapter 12 of Title 7, Of Sale, of Book 3, Of the Different Modes of Acquiring the Ownership of Things). However, these interesting questions need not be decided in this case.