KLIEBERT, Judge.
The plaintiff, Metairie Radiotherapy Associates (Metairie) is a health care provider [1] who sued defendant, Louisiana Health Services & Indemnity Company, d/b/a Blue Cross of Louisiana (Blue Cross), the insurer of patients served by plaintiff, for penalties and attorney fees for failure to timely pay claims submitted to them within the thirty days provided for in LSA-R.S. 22:657(A).[2] The trial court found for the plaintiff and awarded them $62,045.00 in penalties plus 25% attorney fees. Defendant perfected a suspensive appeal. For the reasons hereinafter stated we set aside the judgment and remand for further proceedings.
Apparently under its previously filed and denied (by the lower court) exception of no cause of action, counsel for the defendant raises the question — Does the following provision referred to as Block 13 contained *1127 in the claim form and signed by the insured patient:
“I authorize payment of medical benefits to the undersigned physician or supplier for services described below.”
transfer a right to the health care provider to assert the rights of the insured under the provisions of LSA-R.S. 22:657(A)?
As we view it, the issue controls the litigation, for the health care provider has no direct claim for penalties under the statutory provisions, i.e., LSA-R.S. 22:657(A). However, the issue is more properly raised as an exception of no right of action as opposed to an exception of no cause of action. Under La.C.C.P. Article 927 this court is empowered to and does raise the exception of no right of action on its own.
Like the exception of no cause of action, that of no right of action is peremptory under La.C.C.P. Article 927.[3] As long ago explained by Judge Tate, "The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it.” Bielkiewicz v. Rudisill, 201 So.2d 136, 142 (3rd Cir.1967) (citations omitted). In other words, Bielkiewicz recapitulates, “the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of acton is pleaded by the petition.” Id. (citation omitted).
The essential basis of the no-right-of-action exception is to be found in La.C.C.P. Article 681, which states that, “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.” See Lambert v. Donald G. Lambert Constr. Co., 370 So.2d 1254, 1255 (La.1979) and Comment (b) to C.C.P. Article 681.
Under our jurisprudence and under La.C. C.P. Article 694, which provides for the interposition of a mandatary,[4] an entity generally must itself have a discernable interest in what is contested, or it must represent someone who does. See Holley v. Butler Furniture Co., 217 La. 8, 45 So.2d 747 (La.1950).
Metairie offered no evidence as to the circumstances surrounding the signing of Block 13 (by the 22 insureds whose claim are involved here) or bearing on whether any of the insureds intended to transfer rights which may have previously accrued or might subsequently accrue to them under LSA-R.S. 22:657(A). Rather, Dr. Merlin, the partner responsible for overseeing the business and financial aspects of Me-tairie’s medical practice, said he did not personally discuss Block 13 with any of the 22 insureds. However, office practice was to obtain the patient’s signature on the insurance claim form at the initial visit or shortly thereafter. Similarly, the office manager said she was not employed by Metairie when the claim forms were executed, hence, she had no personal knowledge regarding their execution. Moreover, Dr. Merlin said he only became aware of LSA-R.S. 22:657(A) in the spring of 1986, which was well after all of the forms involved here had been signed.
The trial judge found the words of the clause manifested a common intent of the patient and the physician to transfer the *1128 patient’s rights under the insurance contract to the physician. Having found an intent to assign, he concluded the clause included a transfer of the patient’s rights previously accrued or to accrue under LSA-R.S. 22:657 because they arose from the insurance contract. We do not agree with his conclusion. In deciding there was no reason to assume that the parties did not intend the assignment of penalties, the trial court ignored the complete absence of evidence establishing such intent.
Beyond the absence of proof as to intent, under Louisiana Civil Code Article 2642,[5] it is essential to the validity of an assignment of a right or claim to a third person that the transferrer (here the insureds) deliver title to the transferee (here the health care provider). Sheffield v. Norris, 235 La. 667, 105 So.2d 260, 263 (1958). In Strudwick Funeral Home, Inc. v. Liberty Industrial Life Insurance Company, 176 So. 679 (La.1937) our supreme court held that the following written request:
“New Orleans, Louisiana
Date: September 21, 1936
Liberty Ind. Life Ins. Co. of Louisiana: Please pay to the order of Strudwick Funeral Home, Inc. the amount of benefits due under Policy No. 56140B”
signed by the beneficiary in the presence of two witnesses did not constitute an assignment because:
“In the case at bar, it will be noted that the purported assignment is merely an order or a request upon the defendant to pay the proceeds of the policy to the plaintiff. We think it is insufficient because there is nothing contained in the document which discloses that it was the intention of [the beneficiary] to transfer her rights, as beneficiary under the policy, to the plaintiff. It is nothing but a request, made upon the defendant, to pay the plaintiff, and without explanation by parol testimony (and none is contained in the record), cannot be interpreted to mean other than that the plaintiff was appointed as agent of [the beneficiary] to collect the proceeds of the policy.”
Id. at 681.
Similarly, we find no intent on the part of the insureds to enter into any contract of mandate with plaintiff concerning penalties due under the insurance shelters. Under La.C.C. Article 2997, the authority to “make a transaction in matters of litigation,” such as the present, must be express. Besides not mentioning any right to sue, Block 13 nowhere mentions recovery of any penalties, referring instead only to “medical payments benefits.” Our jurisprudence makes clear that a claim under a policy of insurance and a claim for statutory penalties are premised on distinct obligations. Cantrelle Fence & Supply Co. v. Allstate Ins. Co., 515 So.2d 1074 (La.1987); Smith v. Nationwide Mutual Ins. Co., 306 So.2d 385 (3rd Cir.1975). Thus, we cannot extract from the present language any authorization to sue for statutory penalties on behalf of the insureds.
We hold therefore that Block 13 simply authorizes the insurer to make payment to the health care provider and nothing more. This conclusion does not ignore that, in many instances, some ill persons might eagerly embrace the opportunity to have support staff of their health care provider assume the bother of seeking all their insurance remedies in their stead. Rather, it balances this obvious convenience and the relatively minor changes in the contractual knowledge necessary to make the authority to sue expressed against the danger inherent in attempting to extend an essentially straight-forward authority to make payment of a claim into an all-encompassing right to seek penalties reserved to the patient.
Finally, in light of our determination that the present plaintiff has no right of action, we must remand the case to amend the pleadings, if possible, so that the grounds of the objection may be removed by joinder of indispensable parties or otherwise. See *1129 LaFleur v. Nat’l Health & Life Ins. Co., 185 So.2d 838 (3rd Cir.1966).
Accordingly, we set aside the judgment and remand to the trial court for further proceedings consistent with this opinion.
SET ASIDE AND REMANDED.

. There were some twenty-seven suits filed by health care providers against the defendant and other insurers. By stipulation the parties agreed the instant cases would be tried and appealed and the remaining cases which had been consolidated for discovery in the lower court would be stayed pending the resolution of the issues on this case.

. LSA-R.S. 22:657(A) provides in pertinent part as follows:
“Payments of claims; health and accident policies; penalties
A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.”

. La.C.C.P. Article 927 provides:
"The objections which may be raised through the peremptory exception include, but are not limited to, the following:
(1) Prescription;
(2) Res judicata;
(3) Nonjoinder of an indispensable party;
(4) No cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit.
The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.”

. La.C.C.P. Article 694 provides thus:
"An agent has the procedural capacity to sue to enforce a right of his principal, when specially authorized to do so.
For all procedural purposes, the principal is considered the plaintiff in such an action. The defendant may assert any defense available against the principal, and may enforce his rights against the principal in a reconven-tional demand."

. Louisiana Civil Code Article 2642 provides as follows:
“In the transfer of credits, rights or claims to a third person, the delivery takes place between the transferrer and the transferee by the giving of the title.”